**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Gil Melili, Esq. (SBN: 337116)
gil@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
*Shant Joukjian*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**SHANT JOUKJIAN, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**DR PEPPER/SEVEN UP, INC.; and KEURIG DR PEPPER INC,**

**Defendants.**

**Case No.: 2:25-cv-04771-MRA-AYPx**

**UPDATED JOINT RULE 26(F) REPORT**

**HON. MONICA R. ALMADANI**

**Compl. Filed:** May 27, 2025
**FAC Filed:** August 14, 2025
**MTD Filed:** September 5, 2025
**Answer Due:** May 20, 2026
***Proposed* Final Pre-Trial Conf.:** 12/7/2027



KAZEROUNI LAW GROUP, APC

Plaintiff Shant Joukjian ("Plaintiff") and Defendants Dr Pepper/Seven Up, Inc.; and Keurig Dr Pepper Inc (jointly, "Defendants") (collectively, Plaintiff and Defendants are the "Parties"), hereby submit this updated Joint Rule 26(f) Report pursuant to Local Rule 26 and the Court's order dated April 20, 2026 (Dkt. No. 42), as well as Fed. R. Civ. P. 26(f).

## 1. STATEMENT OF THE CASE

Plaintiff alleges in the First Amended Complaint filed on August 14, 2025 that, prior to filing suit, Plaintiff purchased a 24-pack of 7-Up Lemon-Lime soda from Amazon.com in reliance on a representation that it contained "100% Natural Flavors." First Amended Complaint (Dkt. No. 17, "FAC"), ¶¶ 87-92, 97-100. Plaintiff alleges that he discovered the "100% Natural Flavors" representation was false, and Plaintiff served a demand for corrective action on Defendants pursuant to Cal. Civ. Code § 1782(a). Plaintiff then initiated this case on behalf of himself as well as a putative national class and California sub-class on May 27, 2025. Dkt. No. 1. Plaintiff further alleges that, over a four-year period, Defendants have falsely marketed their lemon-lime beverage products as containing "100% Natural Flavors" or "All-Natural Flavors," despite utilizing flavoring ingredients, such as Manufactured Citric Acid ("MCA"), that are artificial in nature. *See* FAC, ¶¶ 2, 5, 9-11, 16, 31, 46, 50, 54-55, 59-60, 65-78, 82-83, 242. As a result of this alleged misrepresentation, Plaintiff alleges Defendants violated the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, as well as various common law claims. *Id.* ¶ 13.

On September 5, 2025, Defendants filed a motion to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6), contending that federal law preempts all of Plaintiff's claims, and alternatively moving to strike Plaintiff's putative nationwide class claims. Defendants also contended the FAC fails to plausibly allege that the



KAZEROUNI LAW GROUP, APC

citric acid in the product is artificial and that the challenged ingredients in Defendants' beverage products are flavors, as opposed to flavor enhancers, which are categorically different from flavors under longstanding FDA regulations. Dkt. No. 26. On April 17, 2026, after the motion was fully briefed, the Court issued an order denying Defendants' motion to dismiss and motion to strike. Dkt. No. 41.

On October 16, 2025, the Parties filed a Joint Stipulation to stay discovery and vacate class certification and other pre-trial deadlines pending resolution of Defendants' motion to dismiss. Dkt. No. 30. On October 20, 2025, the Court granted the Parties' stipulation and on October 29, 2025, clarified that it stayed discovery pending a ruling on Defendants' motion to dismiss. Dkt. No. 34.

On January 20, 2026, the Court granted the Parties' stipulation to continue the Rule 16 scheduling conference to at least thirty calendar days after the Court entered an order on Defendants' motion to dismiss and motion to strike. Dkt. No. 39.

On April 20, 2026, the Court ordered the Parties to file an updated Joint Rule 26(f) Report and Scheduling Worksheet by May 11, 2026. Dkt. No. 42. On April 27, 2026, the Parties filed a Joint Stipulation to extend Defendants' deadline to file an Answer from May 4, 2026 to May 20, 2020 (Dkt. No. 43), which the Court approved on April 29, 2026 (Dkt. No. 44). On April 29, 2026, the Parties filed a Joint Stipulation to dismiss Plaintiff's nationwide class claims without prejudice (Dkt. No. 45), which the Court approved on May 1, 2026), with the putative California class allegations remaining (Dkt. No. 46).

**2. SUBJECT MATTER JURISDICTION**

The Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) because (1) there is minimal diversity as Plaintiff is a citizen of the State of California and Defendants are domiciled in Delaware and Texas; (2) Plaintiff alleges the amount in controversy in this matter



KAZEROUNI LAW GROUP, APC

exceeds $5 million, exclusive of interest and costs; and (3) Plaintiff alleges that there are more than one hundred (100) people in the putative class.

**3. LEGAL ISSUES**

Plaintiff's Position: Plaintiff anticipates that legal issues in this case will include the following: (a) whether the challenged ingredients are artificial flavors, including citric acid; (b) whether the question posed in (a) presents a factual question that the Court should determine on a Rule 12(b)(6) motion to dismiss instead of a Rule 56 motion for summary judgment or at trial; (c) whether Plaintiff's claims are preempted by federal law governing food and beverage labeling, such as the Federal Food, Drug, and Cosmetic Act, and its promulgating regulations; (d) whether Defendants violated the CLRA, UCL, FAL, and various common law claims asserted in Plaintiff's FAC; and (e) whether Plaintiff's putative California class claims should be certified pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

Defendants' Position: Defendants anticipate that legal issues in this case will include some or all of the following: (a) whether Plaintiff's claims are preempted by federal law, including the Federal Food, Drug, and Cosmetic Act, and FDA promulgating regulations; (b) whether the challenged ingredients are flavors, as opposed to flavor enhancers; (c) whether the citric acid in the product is artificial; (d) whether Plaintiff's claim for negligent misrepresentation is barred by the economic loss rule; (e) whether Plaintiff's claim for punitive damages is barred for failure to allege advance knowledge of any misrepresentation by Defendants' management; (f) whether Plaintiff's claim for injunctive relief is barred by Plaintiff's failure to allege he could be injured in the future by any alleged misrepresentations; (g) whether Plaintiff's unjust enrichment claim is barred because he has an adequate remedy at law; (h) whether Defendants violated the CLRA, UCL, FAL, and various common law claims asserted in Plaintiff's FAC; (i) whether Defendants' alleged misrepresentations constitute false or misleading statements, (j) whether Plaintiff relied on any alleged misrepresentation, (k)

KAZEROUNI LAW GROUP, APC

whether Plaintiff suffered any harm from the alleged misstatements, and (l) whether Plaintiff's putative class claims should be certified pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

**4. PARTIES, EVIDENCE, ETC.**

Plaintiff's Position: In addition to Plaintiff and Defendants, Plaintiff identifies Amazon.com Services LLC and its agents and/or employees as well as Defendants' ingredient suppliers for its lemon-lime beverages sold in California as potential witnesses in this matter. Plaintiff also believes that Defendants' current and former personnel responsible for marketing, research and development, product formulation, quality control, supply chain management, ingredient sourcing, and consumer market research would be important witnesses for this case as well. Plaintiff believes that documents, including Defendants' communications with third-party retailers about product marketing, ingredient formulation lists, documents identifying Defendants' ingredient suppliers, documents describing how certain ingredients are sourced and/or manufactured, documents necessary for calculating damages, and documents in Defendants' and/or third-party retailers' possession identifying members of the putative class would be essential to the main issues in this case.

Defendants' Position: The Parties are Plaintiff and Defendants. Defendant Keurig Dr Pepper Inc. has no parent corporation and no publicly held corporation owns 10 percent or more of its stock. Dr Pepper/Seven Up, Inc. is an indirect wholly owned subsidiary of Keurig Dr Pepper. For conflict purposes, Defendants attached a list of all subsidiaries of KDP as of December 31, 2025 as Appendix B.

Defendants do not yet have a list of witnesses or key documents on the main issues in the case as investigation is ongoing and the pleadings are not settled, although Mr. Joukjian will likely be a witness. Defendants would likely also call witnesses with product marketing, research & development, regulatory, ingredient sourcing and product pricing knowledge to defend the claims, among others.



KAZEROUNI LAW GROUP, APC

**5. DAMAGES**

Plaintiff's Position: Plaintiff cannot accurately estimate the full range of damages at this time because the true size of the absent class is not yet known, nor has there been an expert determination as to a reasonable estimate of damages per product sold. Nevertheless, Plaintiff purchased a 24-can pack of Defendants' 7-Up lemon-lime soda for $26.50, excluding shipping and taxes. FAC, ¶ 89. Plaintiff is also asserting putative class claims for actual damages, compensatory damages, and punitive damages, in addition to equitable claims for monetary and injunctive relief. *Id.*, Prayer for Relief. Plaintiff asserts that the Court has jurisdiction over the claims in this case pursuant to CAFA, so the amount in controversy is estimated to exceed $5 million, exclusive of interest and costs, given the information currently known to Plaintiff.

Defendants' Position: Defendants deny that Plaintiff or any putative class member is entitled to any damages or other relief.

**6. INSURANCE**

Plaintiff's Position: None.

Defendants' Position: None.

**7. MOTIONS**

**(a) Procedural Motions**

Plaintiff's Position: Plaintiff filed a First Amended Complaint on August 14, 2025, as of right. At this time, Plaintiff does not anticipate amending his pleading to add additional parties or assert additional claims, but reserves all rights including following the filing of Defendants' upcoming Answer. Plaintiff does not anticipate at this time any other procedural motions.

Defendants' Position: There is no particular procedural motion that Defendants anticipate filing at this time. Generally, Defendants anticipate that procedural motions practice could become necessary depending on how the case progresses.



KAZEROUNI LAW GROUP, APC

**(b) Dispositive Motions**

Given the Court's denial of Defendants' motion to dismiss, Defendants reserve their right to file a motion for judgment on the pleadings under Rule 12(c) including, but not limited to, with respect to any of the legal issues identified above in section 3. In the event either party files a motion for summary judgment, the Parties believe the key issues on such a motion may include, but are not limited to: (a) whether the challenged ingredients are artificial flavors; (b) whether the challenged statements are false or misleading; (c) whether Plaintiff and/or a reasonable consumer relied on Defendants' alleged misrepresentation; (d) whether Defendants breached an alleged express warranty regarding the nature of the flavors in the beverages, and (e) whether Plaintiff suffered any harm. Plaintiff would likely oppose any motion for judgment on the pleadings in the event that Defendants were to file such a motion.

**(c) Class Certification Motion**

The parties jointly propose the following timeline for briefing a motion for class certification, which would afford sufficient time to conduct discovery, file, and brief a motion for class certification after Defendants file their Answer by May 20, 2026, when Defendants will identify their affirmative defenses: (a) Plaintiff to file motion by **November 20, 2026**; (b) Defendants to file an opposition to the motion by **January 22, 2027**; and (c) Plaintiff to file a reply in support of the motion by **March 5, 2027**. The parties further propose a hearing date on the motion for class certification to occur on or after **April 6, 2027**.

Defendants believe that the discovery schedule proposed by Plaintiff in Appendix C is unnecessary and the parties can simply follow the deadlines proposed by Defendants below is section 9, including the Defendants' proposed fact discovery cutoff for class certification of January 18, 2027. To the extent the Court does not order those deadlines, Defendants submit that the timelines in Plaintiff's proposed Appendix C are unrealistic and not workable, and do not give Defendants

KAZEROUNI LAW GROUP, APC

enough time with Plaintiff's motion and expert reports before deposing Plaintiff's experts, with no clear benefits for case efficiency. In particular, Defendants request at least 54 days following service of Plaintiff's expert reports in support of class certification to depose Plaintiff's experts (as opposed to the 28 days contemplated under Plaintiff's plan, which days include the Thanksgiving holiday). Defendants request the same period to complete any fact discovery (including written discovery or depositions) necessary for their opposition briefing. Finally, to the extent Plaintiff's proposal suggests that Defendants wait until after December 2026 to depose Plaintiff, Defendants do not agree to that proposal and reserve their right to take Plaintiff's deposition substantially sooner, pursuant to the Federal Rules.

**8. MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that the procedures in the Manual for Complex Litigation should be utilized in this case.

**9. DISCOVERY**

**(a) Status of Discovery**

On October 16, 2025, the Parties filed a Joint Stipulation to stay discovery and vacate class certification and other pre-trial deadlines pending resolution of Defendants' motion to dismiss. Dkt. No. 30. That stipulation was granted, as discussed *supra*, and discovery was stayed during the pendency of Defendants' motion to dismiss (Dkt. No. 34). The Parties are now beginning their discovery efforts. The Parties jointly propose that Rule 26(a) initial disclosures be exchanged by **May 27, 2026**.

**(b) Discovery Plan**

Plaintiff's Position: Plaintiff is in the process of preparing to propound written discovery. Plaintiff intends to serve Requests for Admission, Requests for Production of Documents, and Interrogatories on Defendants. In propounding said discovery, Plaintiff will seek, among other things, Defendants' communications with third-party retailers about product marketing, ingredient formulation lists,



KAZEROUNI LAW GROUP, APC

documents identifying Defendants' ingredient suppliers, documents describing how certain ingredients are sourced and/or manufactured, and documents in Defendants' and/or third-party retailers' possession identifying members of the putative class. Plaintiff will also seek documents and information necessary for his calculation of damages, including sales data from Defendants' sale of the beverage products at issue during the putative class period and cost of goods sold. Plaintiff also intends to potentially serve third-party subpoenas on retailers who sold the beverage products at issue, which may seek sale data and putative class member data during the class period, as well as Defendants' suppliers of the ingredients at issue in this case, which may seek specific information concerning the sourcing and/or manufacturing process for those ingredients. Plaintiff intends to depose Defendants' Rule 30(b)(6) witnesses who may be most knowledgeable on Defendants' sales of the beverage products during the class period, Defendants' marketing of the beverage products during the class period, and Defendants' research and development of the beverage products before and during the class period. Plaintiff also anticipates having experts in this case pertaining to Class data and damages. Plaintiff also intends to serve third-party subpoenas on retailers (such as Amazon.com) who advertise and sell Defendants' beverages; and potentially a Rule 30(b)(6) deposition of such retailers.

Contrary to Defendants' suggestion, there is no need or basis for the Court here to order the Parties to focus discovery on class certification issues. Significantly, the *Palmer* order cited by Defendants in footnote 2 was only issued following a "stipulation" of the parties in that matter where the court did not set any case deadlines apart from a deadline to file a motion for class certification and then a class certification briefing schedule—in other words, the court there did not set a deadline for fact discovery or expert discovery, so the parties reached an agreement

KAZEROUNI LAW GROUP, APC

to focus on class certification discovery until a ruling on class certification and the remainder of case deadlines are set.[1]

Defendants' Position: Defendants anticipate taking discovery of Plaintiff in the near term. Defendants anticipate serving written discovery requests on Plaintiff, including requests for admission, interrogatories, and document requests, and deposing Plaintiff. Although formal bifurcation of class and merits discovery is not necessary, the Parties should concentrate their initial discovery efforts on class-certification issues. This approach would permit the parties and Court to quickly resolve whether class certification is appropriate, consistent with the Court's Order Setting Case Management Conference (Dkt. No. 27) and avoid potentially unnecessary discovery disputes that do not bear on class-certification issues. Courts regularly order that discovery in cases like this should focus on class certification to start,[2] and that would be the most efficient course here, too. Defendants do not believe a class can be certified in this case and submit that addressing class certification issues in the near term could help facilitate the efficient disposition of the litigation.

**(c) Discovery Cut-Off**

---

[1] Undersigned counsel for Mr. Joukjian is also counsel for Ms. Palmer and therefore has intimate knowledge of that matter and the distinguishable nature of the limited case schedule currently set in that matter.

[2] *See, e.g.*, *Palmer v. The Coca-Cola Company*, No. 25-cv-4777-GW (C.D. Cal. Mar. 30, 2026 (Dkt. Nos. 55, 57) (order granting stipulation "to use best efforts to limit discovery to inquiries relating to Fed. R. Civ. P. 23", so the Parties can "have a fair opportunity to raise arguments regarding . . . Rule 23 requirements for class certification . . ., while aiming to minimize burden and promote the efficient use of Party resources."); *IntegrityMessageBoards.com, LLC v. Facebook, Inc.*, No. 18-5286-PJH (Dkt. 61) (N.D. Cal.); *In re Citimortgage, Inc., Home Affordable Modification Program ("HAMP") Litig.*, 2012 WL 10450139, at *5 (C.D. Cal. June 7, 2012) (declining to bifurcate discovery but determining "that it made sense for the parties to initially focus their discovery efforts on class-related issues").



KAZEROUNI LAW GROUP, APC

Plaintiff proposes a fact-discovery cutoff for class certification purposes (excluding class certification related expert discovery and post-class certification fact and expert discovery) of **November 20, 2026**, and Defendants propose a fact-discovery cutoff for class certification (excluding class certification related expert discovery and post-class certification fact and expert discovery) of **January 18, 2027**; and the Parties propose a cutoff of all fact discovery (excluding expert discovery) by **March 16, 2027**.

**(d) Expert Discovery**

The Parties propose expert disclosures and reports for affirmative experts to be due by **April 7, 2027**; expert disclosures and reports for rebuttal experts to be due by **June 9, 2027**; and an expert discovery cutoff of **July 13, 2027**.

**(e) Settlement Conference/Alternative Dispute Resolution (ADR)**

Plaintiff's Position: No settlement discussions have occurred to date, with exception of Plaintiff's pre-suit demand for corrective action pursuant to Cal. Civ. Code § 1782(a). Plaintiff is amenable to private mediation but does not believe it would be productive until a ruling on Defendants' pending motion to dismiss and some discovery concerning the extent of Defendants' alleged conduct.

Defendants' Position: The Parties have engaged in initial early resolution discussions. The Parties request private mediation for the ADR proceeding. The Parties propose a Settlement Conference Completion Date of **July 23, 2027**.

**(f) Trial**

**i. *Trial Estimate***

The Parties anticipate trial being 4 days if proceeding as an individual action, and 10 days if proceeding as a class action. The latter trial estimate is based on the fact that this is a putative class action involving two named Defendants and seven separate causes of action, and a trial would require class-wide proof regarding all elements of the claims, and for the Court to instruct the jury on each of those causes of action and for the jury to deliberate on each of those causes of action as to each



KAZEROUNI LAW GROUP, APC

of the two Defendants. If the case reaches the trial stage, the Parties propose a pre-trial conference date of **December 7, 2027 at 1:30 p.m.**.[3]

**ii. *Jury or Court Trial***

Plaintiff demands a jury trial on all issues so triable.

**iii. *Consent to Trial Before a Magistrate Judge***

The parties do not consent to trial before a Magistrate Judge at this time.

**iv. *Lead Trial Counsel***

Plaintiff's Position: Jason A. Ibey intends to serve as lead trial counsel. Abbas Kazerounian and Gil Melili will also participate in the trial.

Defendants' Position: Jason Meltzer intends to serve as lead trial counsel for Defendants. Russ Falconer, Perlette Jura, Al Kelly, and Emily Cardone will also participate as attorneys in the trial. Other attorneys for Defendants may make appearances later in this action.

**(g) Independent Expert or Master**

The Parties do not anticipate the need at this time for an independent expert or master pursuant to Fed. R. Civ. P. 53.

**(h) Other Issues**

All dates not otherwise discussed in this Joint Report are found in **Appendix A**.

Dated: May 11, 2026

**KAZEROUNI LAW GROUP, APC**

By: */s/ Jason A. Ibey*
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790

[3] Plaintiff desired an earlier pre-trial conference date of November 17, 2027, but understands that Defendants have a conflict. Plaintiff is willing to agree to December 7, 2027, with the understanding that Defendants are willing to work with Plaintiff to avoid a late December 2027 trial date.



KAZEROUNI LAW GROUP, APC

Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiff*

Dated: May 11, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Emily A. Cardone*

Emily A. Cardone (*pro hac vice*)
ecardone@gibsondunn.com
2001 Ross Ave., Suite 2100
Dallas, Texas 75201-2923
Telephone: 214.698.3106
Facsimile: 214.571.2976

**ECF ATTESTATION**

I, Jason A. Ibey, hereby attest pursuant to Local Rule 5-4.3.4(a)(2) that the concurrence in filing of this document has been obtained by the above signatories.

Dated: May 11, 2026

By: */s/ Jason A. Ibey*
Jason A. Ibey



KAZEROUNI LAW GROUP, APC